UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JACK WADE WARREN** | : | **DOCKET NO. 2:22-cv-06173** |
| REG. # 13477-077 | | SECTION P |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN MARTINEZ** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed by respondent Warden Felipe Martinez. Doc. 9. This motion comes in response to a *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Jack Wade Warren ("Warren"). Warren did not file an opposition to the motion. The respondent's motion is now ripe for review. For the reasons below, we recommend that the Motion to Dismiss be **GRANTED**.

### I.
#### BACKGROUND

At the time he filed his petition, Warren was serving a federal sentence in the custody of the United States Bureau of Prison ("BOP") in the Federal Correctional Institution in Oakdale, Louisiana ("FCIO"). On January 30, 2023, he was released from federal custody. *See* Public Information Inmate Data, doc. 9, att. 2.

### II.
#### LAW AND ANALYSIS

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue a writ of habeas corpus as to an individual in custody in violation of the Constitution or laws or treaties of the United

States. In the writ, petitioner claimed that the BOP failed to award time credits under the First Step Act due to a detainer. As discussed below, petitioner's contentions are now moot because he has been granted compassionate release and has been released from custody.

Warren's release from custody rendered his petition moot. See, e.g., *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987 (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement"); *Aldaco v. Nash*, 693 F. App'x 336, 337 (5th Cir. 2017) (per curiam) (unpublished) (§ 2241 petition seeking immediate release because BOP failed to properly credit petitioner's sentence was mooted by his release); *United States v. Boston*, 419 F. App'x 505, 506 (5th Cir. 2011) (per curiam) (unpublished) ("If the only relief sought by an appellant cannot be granted, the case is moot.")). An action is moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons,* 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005) (citation omitted).

Because there is no longer a live case or controversy due to the BOP releasing petitioner, his petition is moot and the Court should dismiss the case. The Fifth Circuit does recognize a narrow exception to this rule. In some cases, "the district court may alter [a petitioner's] period of supervised release pursuant to 18 U.S.C. § 3582(e)(2), if it determines that he has served excess prison time, prevent[ing] [his] petition from being moot." *Herndon v. Upton*, 985 F.3d 443, 447 (5th Cir. 2021) (citing *Johnson v. Pettiford*, 442 F.3d 917 (5th Cir. 2006)). However, this narrow

exception apply only when the habeas court itself has the authority to alter the period of supervised release. See *id*. at 447 ("only the sentencing court has authority to modify the terms of a prisoner's supervised release. Thus, the [habeas court]—unlike the sentencing court—cannot offer Herndon any further relief.").

Just as in *Herndon*, this Court lacks jurisdiction to grant a modification to petitioner's term of supervised release, as he was not sentenced in Louisiana, but in the Middle District of Florida. See doc. 9, att. 2. Petitioner's habeas petition is moot, "notwithstanding [his] continued supervision, because there [is] no longer a live case or controversy for which any relief could be granted." *Herndon* at 446.

## V.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the unopposed Motion to Dismiss (doc. 9) be **GRANTED** and this petition be **DISMISSED** as **MOOT**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 22nd day of March, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE